21-6342
Mohamed Mahmoud v. Garland

BIA
Ruehle, IJ
A200 914 917

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

TALEB AHMED DAH MOHAMED MAHMOUD,
> *Petitioner*,

v.          **21-6342**
         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Robert F. Graziano, Esq., Niagara Falls, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer P. Levings, Assistant Director; Stephanie L. Groff, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Taleb Ahmed Dah Mohamed Mahmoud, a native and citizen of Mauritania, seeks review of a May 20, 2021 decision of the BIA, affirming a December 13, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Taleb Ahmed Dah Mohamed Mahmoud*, No. A 200 914 917 (B.I.A. May 20, 2021), *aff'g* No. A 200 914 917 (Immigr. Ct. Buffalo Dec. 13, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably relied on an inconsistency about the marriage that was the basis of Mohamed Mahmoud's claim.  He alleged that he was jailed, tortured, and charged with kidnapping and rape for marrying a woman of a

higher-level tribe and a different race, but his statements about whether he was divorced from that wife were inconsistent with his documentary evidence. He testified that he married that woman in 2010, but her parents discovered them, and the police charged him with marrying without her family's permission. He explained that the marriage was not registered, but that they were still married and had not divorced. He also confirmed that he married a different Mauritanian woman while in the United States in 2013, who visits the United States occasionally but lives in Mauritania with their two children.

His testimony that he and his first wife were not divorced is inconsistent with his own documentary evidence. He produced a Mauritanian Ministry of Justice decree that he was divorced in absentia in July 2010 due to "the annulment of a customary marriage." Certified Administrative Record ("C.A.R.") at 478. His testimony about the decree added to the inconsistency: he acknowledged the divorce decree but testified that "her parents did this," but also indicated that he was unaware that the document was in the record. C.A.R. at 119. Because his marriage was the cause of the alleged persecution, this inconsistency about his marital status relates to the basis for his claim and provides substantial support for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145

4

n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that and IJ was compelled to find him credible."). The agency was not compelled to accept his explanation that he believed he was still married because he was not served with divorce papers in light of the fact that he submitted the divorce decree and did not explain why he was unaware of that document. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the inconsistency about the divorce, his lack of corroboration further undermined his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). A 2010 letter from his attorney mentioned the divorce, but not the arrest, charges, or detention; he did not provide letters from his family, documentation of his arrest or charges, or evidence of tribal membership; and a 2010 State Department report for Mauritania states that high level tribes and clans dominate business and

government, but these tribes have intermarried with other lower-level groups for centuries, suggesting that inter-tribal marriages are common.

Given the inconsistency and the lack of evidence to corroborate the past harm, substantial evidence supports the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court